IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| CHUCK JOO | * |
| | * |
| *Plaintiff*, | * |
| | * |
| v. | * |
| | * |
| TESLA MOTORS INC. | * |
| | * |
| *Defendant*. | * |
| | * |
| Please Serve: | * |
| CT Corporation System, Registered Agent | * |
| 4701 Cox Road Ste. 285 | * |
| Glen Allen, VA  23060-6808 USA | * |
| | * |

## COMPLAINT

Now into Court, through undersigned counsel, comes Plaintiff Chuck Joo and moves the Court for judgment against Defendant TESLA MOTORS INC. based on the following facts and law:

## JURISDICTION

1. This Honorable Court has Diversity Jurisdiction of this civil action pursuant to 28 U.S. Code § 1332, as the Plaintiff is a citizen of Fairfax, Virginia, and the Defendant, TESLA MOTORS INC. is a corporation organized under the laws of Delaware with a principal place of business located in Austin, Texas.  The amount in controversy exceeds $75,000.00.

2. This Honorable Court has Federal Question Jurisdiction of this civil action pursuant to 28 U.S.C. §1331. Plaintiff Chuck Joo, asserts a claim pursuant to the Magnuson-Moss

Warranty Act, 15 U.S. Code §§ 2301-2312. The amount in controversy exceeds $50,000.00.

## VENUE

3. Venue in this Honorable Court is proper pursuant to 28 U.S. Code §1391 as this Judicial District is where a substantial part of the events and/or omissions giving rise to the claims occurred. Venue in the Alexandria Division is proper pursuant to Local Civil Rule 3 because this is where a substantial part of the events and/or omissions giving rise to the claims occurred.

## FACTS

4. On August 6, 2022, Plaintiff Chuck Joo, purchased a 2022 Model Y Tesla, with 15 miles on the odometer from Tesla in Vienna, Virginia, an authorized warranty repair agent of the 2022 Tesla, that is the subject of this Complaint. The total delivered price was $58,713.01.

5. On September 15, 2022, Plaintiff Chuck Joo, sought warranty repair for damage found on the roof pillar at delivery. Plaintiff also sought repair for damage on the front bumper. In addition to these damages to the vehicle, Plaintiff also sought repair about the low volume for phone calls, on the receiving end.

6. On September 17, 2022, Plaintiff returned to Tesla seeking service due to the trunk liner having been improperly installed.

7. On November 4, 2022, Plaintiff returned to Tesla seeking service due to an unusual noise projecting out of the left, front side of vehicle.

8. On November 8, 2022, Plaintiff returned to Tesla seeking service due to the ongoing noise projecting from the driver's side of the vehicle.

9. On November 9, 2022, Plaintiff again returned to Tesla seeking repair because of the continual noise coming from the driver's side of the vehicle, which was increasing in duration and frequency.

10. On December 13, 2022, Plaintiff for the fourth time, returned to Tesla seeking repair due to his vehicle producing a loud, buzzing noise while driving.

## COUNT ONE – MOTOR VEHICLE WARRANTY ENFORCEMENT ACT VIRGINIA CODE §59.1-207.9 ET SEQ. "*LEMON LAW*"

11. The allegations of paragraphs 1-10 are re-pled and incorporated herein by reference.

12. The Plaintiff is a consumer as defined by the Virginia Motor Vehicle Warranty Enforcement Act. (Hereinafter referred to as the "*Virginia Lemon Law*") Virginia Code §59.1-207.11. et seq. and has received due notice under the same statute.

13. The Virginia Lemon Law requires a manufacturer to "*make such repairs as are necessary to conform the vehicle to such warranty*" that are provided to the consumer.

14. Defendant TESLA MOTORS INC. has been unable to repair the Plaintiffs vehicle after a reasonable number of attempts. Specifically, Virginia Code §59.1-207.13(B)(3) provides that "*it shall be presumed that a reasonable number of attempts have been undertaken to conform a motor vehicle to any warranty and that the motor vehicle is significantly impaired if during the period of eighteen months following the date of original delivery of the motor vehicle to their consumer… The motor vehicle is out of service due to repair for a cumulative total of thirty calendar days.*" There were four repair attempts for the same excessive noise and the warranty defect continues to exist. It is therefore presumed that the Plaintiff's vehicle has been subject to repair a

reasonable number of attempts and is significantly impaired in its use, market value and safety.

15. Plaintiff seeks to recover as damages the purchase price of his vehicle in the amount of $58,713.01 as well as all finance charges, all incidental costs, compensation in the amount of $10,000.00 for inconvenience and loss of use, or a comparable replacement vehicle to the Plaintiff, reasonable attorney fees in the amount of $600.00 per hour, or one-third of the amount recovered, whichever of the two is greater, expert witness fees, and court costs. See, Virginia Code §59.1-207.14.

## COUNT TWO
## VIOLATION OF THE MAGNUSSON-MOSS ACT (15 U.S. CODE §2301)

16. The Plaintiff is a consumer as defined in U.S. Code §2301(3). The Defendant is a supplier and warrantor as defined in 15 U.S. Code §2301(1).

17. The vehicle was manufactured after July 4, 1975, and an express Limited Warranty and an implied Warranty of Merchantability were given to the Plaintiff as a part of the purchase as those warranties met the definition written warranty and implied warranty as contained in 15 U.S. Code §2301 - (7) respectively.

18. The limited warranty has failed its essential purpose and the Defendant has violated the Act due its inability to repair or replace the nonconformities within a reasonable time and has refused to provide the Plaintiff with a refund as required in 15 U.S. Code §2304(a)(1) and (4).

19. The Defendant has also breached its Implied Warranty of Merchantability since the vehicle, in view of the nonconformity that exists, and the Defendant's inability to correct

them, is not fit for its ordinary purpose for which the vehicle is being used, 28 U.S. Code §2308, 2310(d).

WHEREFORE, Plaintiff Chuck Joo, moves this Honorable Court to enter judgment in his favor against Defendant TESLA MOTORS INC., in the amount of $58,713.01 as well as all incidental costs, compensation in the amount of $10,000.00 for inconvenience and loss of use, interest payments, or a comparable replacement vehicle acceptable to the Plaintiff, reasonable attorney fees in the amount of $600.00 per hour, or one-third of the amount recovered, whichever of the two is greater, expert witness fees, pre-judgment interest running from the date of the first attempt, post-judgment interest, court costs, and all other damages, equity and /or law may seem meet.

TRIAL BY JURY IS DEMANDED.

Respectfully submitted

Chuck Joo

/s/ James B. Feinman

James B. Feinman, Esq. (VSB No. 28125)
James B. Feinman & Associates
P.O. Box 697
Lynchburg, VA 24505
(434) 846-7603 (phone)
(434) 846-0158 (fax)
jb@feinman.com